# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12 C 9102 |
| **NORTHRIDGE BUILDERS, INC.,** **ANTHONY PUNTILLO, DDS** and **MARY PUNTILLO**, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Anthony Puntillo, DDS and Mary Puntillo (collectively "Puntillos"), two of the three defendants in this declaratory judgment action originally filed in the Circuit Court of Cook County by Cincinnati Insurance Company ("Cincinnati"), have filed a Notice of Removal ("Notice") to bring this action into this District Court based on diversity of citizenship. According to the Notice, both Puntillos are Indiana citizens, while their codefendant Northridge Builders, Inc. ("Northridge") is an Illinois citizen (both facets of its corporate citizenship under 28 U.S.C. § 1332(c)(1)[1] are Illinois-based) and Cincinnati is an Ohio citizen (Ohio is the citus of both facets of its corporate citizenship). This memorandum order is issued sua sponte because of one aspect of the removal statute that the Notice has ignored.

Section 1441(b)(2), which enacts a provision sometimes called the "forum defendant" rule, states:

---

[1] All further reference to provisions of Title 28 will simply take the form "Section --," omitting the prefatory "28 U.S.C."

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Here Northridge has consented to Puntillos' Notice (see Notice Ex. C), so that the just-quoted provision would on its face preclude removal. But our Court of Appeals has joined the majority of Circuits in holding that "forum defendant" rule to be nonjurisdictional (<u>Hurley v. Motor Coach Indus., Inc.</u>, 222 F. 3d 377 (2000)).

That being the case, a sua sponte remand by this Court would be improper. Yet the statutory prohibition applies literally, so that unless Cincinnati waives the statutory defect a remand order would be called for.

Accordingly this action is set for a status hearing at 8:45 a.m. November 21, 2012 to learn whether the case will be retained in this District Court.[2] Counsel for all of the parties are ordered to attend at that time.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: November 14, 2012

---

[2] That early date is appropriate so that the parties can go about the business of carrying on the litigation promptly in whichever court retains the case.