# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12 C 9102 |
| NORTHRIDGE BUILDERS, INC., ANTHONY PUNTILLO, DDS and MARY PUNTILLO, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

All three defendants in this declaratory judgment action brought against them by Cincinnati Insurance Company ("Cincinnati") have filed their Answers (in each instance including affirmative defenses ("ADs")) to Cincinnati's First Amended Complaint for Declaratory Judgment ("Complaint"), with separate counsel representing Northridge Builders, Inc. ("Northridge") and Anthony and Mary Puntillo (collectively "the Puntillos"). Because the content of those responsive pleadings clearly reflects that the respective defense counsel have sensibly conferred in connection with their presentations, this memorandum order can conveniently treat with them together.

One aspect of the Answers themselves calls for correction. In both instances Answer ¶¶ 6 and 29 fail to follow the clear road map marked out by Fed. R. Civ. P. ("Rule") 8(b)(5) as the form of disclaimer required to avoid a defendant's need to comply with Rule 8(b)(1)(B). Those paragraphs should therefore be modified promptly to track Rule 8(b)(5) via brief amendments to the Answers (not of course necessitating the filing of full blown Amended Answers). In

addition, Northridge's amended version has to drop the oxymoronic language "and as such denies said allegations" from its paragraphs.

More substantively, each Answer's Paragraph 8 and ADs 2 and 3 raise a serious objection to Cincinnati's choice of an Illinois forum. Each Answer there denies that "a substantial part of the transactions giving rise to the claim occurred in this District," and each set of ADs moves for the transfer of this action to the United States District Court for the Northern District of Indiana. If what all three defendants assert is accurate, this action would indeed be a prime candidate for such transfer under 28 U.S.C. § 1404(a).

That issue certainly merits prompt consideration, but the next scheduled status hearing in this action is not until January 8, 2015. Accordingly Cincinnati's counsel is ordered to file a response to the motion to transfer on or before December 5, 2014.

                                            Milton I. Shadur
                                            Senior United States District Judge

Date: November 24, 2014