**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12 C 9102 |
| ) | |
| **NORTHRIDGE BUILDERS, INC.,** ) | |
| **ANTHONY PUNTILLO, DDS** and ) | |
| **MARY PUNTILLO**, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

One of the classic lines spoken by Yul Brynner in his movie role as the King of Siam in "The King and I" went something like:

> Is a puzzlement.

That aptly describes the situation in this declaratory judgment action brought by Cincinnati Insurance Company ("Cincinnati"), in which both counsel for defendant Northridge Builders, Inc. and counsel for co-defendants Anthony and Mary Puntillo have retained their objections and affirmative defenses regarding venue in this District Court in responding to Cincinnati's Amended Complaint.

This Court then (quite understandably) inquired of defense counsel as to whether they intended to pursue that line of defense even though the action had been pending in this District Court for some two years since its removal from the Circuit Court of Cook County. In response counsel for both sets of defendants have e-mailed this Court's courtroom deputy, each stating that

they do not wish to have the case transferred. Now Cincinnati has weighed in with a written response that reflects the same view, but it then concludes that response with this paragraph:

> Because Cincinnati is confident in either this Court or the Northern District of Indiana's ability to apply Illinois law to this Illinois contract dispute, Cincinnati will not object should this Court choose to transfer this suit.

Although the parties differ as to the state whose substantive law applies (Cincinnati says Illinois, while all defense counsel say Indiana), that choice of law issue is of course capable of resolution by whatever District Judge ends up with the case.[1] Cincinnati says that it would be content to abide by this Court's determination as to transfer, but it is unclear whether defendants are or are not actually withdrawing their affirmative defenses and denials as to venue. To clear up the "puzzlement," defense counsel are asked to file brief (probably one-paragraph) statements on or before December 15, 2014 staking out their positions, after which this Court would expect to issue a similarly brief and appropriate memorandum order.

                                               _____
                                               Milton I. Shadur
                                               Senior United States District Judge

Date: December 5, 2014

---

[1] Under <u>Van Dusen v. Barrack</u>, 376 U.S. 612 (1964) (one of the few half-century-old decisions authored by this Court's former partner Justice Arthur Goldberg that still remains alive and well and living in Washington, and hence throughout the country), Illinois choice of law principles would continue to apply in the event of a transfer to Indiana.