IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CINCINNATI INSURANCE COMPANY    )
    )
        Plaintiff,    )
    )
       v.    )    No. 12 C 9102
    )
NORTHRIDGE BUILDERS, INC.,    )
ANTHONY PUNTILLO, DDS AND MARY    )
PUNTILLO,    )
    )
        Defendants.    )

## <u>MEMORANDUM OPINON AND ORDER</u>

Cincinnati Insurance Company ("Cincinnati") has filed a motion for summary

judgment in this declaratory judgment action it has brought against Northridge Builders, Inc.

("Northridge") and Anthony and Mary Puntillo (collectively "Puntillos"), raising the question of

its insurance policy's coverage or lack of coverage of a substantive dispute between those

defendants.[1]  This memorandum opinion and order is issued to narrow the area of response

required from defendants in addressing Cincinnati's motion.

Before Cincinnati's counsel direct their attention to the substantive dispute as to

coverage, they devote the initial part of their analysis (Mem. 3-9, occupying 6-1/2 pages -- more

than half of their total discussion of the law) to a multifactor exposition of a choice-of-

substantive-law question as between Illinois and Indiana. But that threshold approach ignores the

---

[1]This action was originally brought in the Circuit Court of Cook County, but Puntillos
filed a timely Notice of Removal, consented to by Northridge, to bring the action to this District
Court on diversity-of-citizenship grounds.

"false conflict" doctrine that the caselaw teaches is applicable to situations in which no choice

needs to be made as between two states than can arguably provide the rules of decision because

the courts in those states would arrive at the same destination as to the controlling issues of law,

thus rendering any choice-of-law determination moot.

As <u>Barron v. Ford Motor Co. of Canada Ltd.</u>, 965 F.2d 195, 197 (7th Cir. 1992) has

succinctly explained the commonsense underpinning of that doctrine:

> [B]efore entangling itself in messy issues of conflict of laws a court ought
> to satisfy itself that there actually is a difference between the relevant laws
> of the different states,[2]

In this instance the rest of Cincinnati's analysis, occupying less than six pages spanning Mem 9-

15, addresses the merits of the dispute under the law of both states and concludes that their courts

would arrive at the identical result.

This Court has not of course arrived at its own conclusion on the basis of such a

unilateral presentation, but it is enough at this point to find that Cincinnati's presentation has

arguable merit. That said, defendants are ordered to limit their response to the motion to the

ultimate substantive question of coverage vel non, eschewing any choice-of-law discussion. If

this Court then reaches its own conclusion in either direction on the basis of the parties'

submissions to that point, any need for defendants to address the choice-of-law subject will be

---

[2][Footnote by this Court] This opinion's reference to the two-decades-old <u>Barron</u> opinion
does not at all indicate any loss of vitality in the "false conflict" approach – it's just that the
Court of Appeals has apparently had no occasion to call on the doctrine since then. This Court's
colleagues have done so, though, and <u>Barron</u> has become the standard authority cited by the
Court of Appeals for the Eighth Circuit in like situations.

obviated – but if such is not the case, this Court will then order a response from defendants on that subject.

Milton I. Shadur
United States District Judge

DATED: July 6, 2015